1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

| | |
|---|---|
| FINN W. CONTINI,<br><br>                    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | CASE NO. C11-1172-JCC<br><br>(CR05-31-JCC)<br><br>ORDER |

9
10
11
12
13
14

15        This matter comes before the Court on Petitioner's Objections (Dkt. No. 20) to the Report

16  and Recommendation of Magistrate Judge Tsuchida (Dkt. No. 19). Having thoroughly

17  considered the parties' briefing and the relevant record, the Court finds oral argument

18  unnecessary and hereby ADOPTS the R&R for the reasons explained herein.

19  **I.     BACKGROUND**

20        While employed at Microsoft, Petitioner, Finn Contini, conspired with colleagues to

21  fraudulently order and sell Microsoft products for personal profit totaling $2.3 million, and

22  laundered a portion of the proceeds from sales through real estate transactions. (*See* Cr. Dkt. 7).

23  On January 26, 2005, Contini pled guilty to one count of conspiracy to commit mail fraud in

24  violation of 18 U.S.C. §§ 371 and 1341, and four counts of money laundering in violation of 18

25  U.S.C. § 1957. (*Id.* at ¶ 46). The Court sentenced Contini to forty-eight months of incarceration

26  followed by three years of supervised release and ordered him to pay Microsoft $7,174,707.05

million in restitution. On February 8, 2007, the Ninth Circuit denied Contini's appeal.

In September 2009, Contini was released from prison. (Cr. Dkt. No. 122). On July 14, 2011, Contini filed a petition under 28 U.S.C. § 2255 to vacate his conviction and restitution. Contini argued that he had gained access to new evidence that supported his petition on two grounds: denial of due process and ineffective assistance of counsel. (Dkt. No. 1). In his Report and Recommendation, Judge Tsuchida found that the evidence was not new and that the petition was therefore time-barred. (Dkt. No. 19). Contini objects to Judge Tsuchida's method of calculating the point at which the statute of limitations began to run. (Dkt. No. 20). For reasons stated below, the Court ADOPTS the Report and Recommendation and DENIES Contini's petition.

## II.   APPLICABLE LAW

Section 2255 petitions must be filed within one year of "the date on which the facts supporting the claim or claims presented would have been discovered through the exercise of due diligence." *Id.* at (f)(4). The Supreme Court has held that this statute of limitations begins to run once predicate facts, as distinct from evidence of those facts, become discoverable. *See Johnson v. United States*, 544 U.S. 295, 310, n.8 (2005); *Matus-Leyva v. United States* 287 F.3d 758, 761, n.3 (9th Cir. 2002) (explaining that the "facts" themselves must be newly discovered, not the evidence to prove the facts).

## III.   DISCUSSION

### A.  Statute of Limitations

Contini offers three pieces of evidence to support his claims for denial of due process and ineffective assistance of counsel: (1) a letter from United States Attorney Frierson allegedly showing that the government should have set-off his restitution by $75,000, (2) a Microsoft email database allegedly showing the widespread practice among employees of purchasing software for personal use, and (3) the settlement of a case against the estate of a deceased Microsoft employee allegedly showing that the government overvalued the software Contini

stole. Contini argues that the statute of limitations began to run not on the days that he *could* have discovered the evidence, but on the days that he gained "useful access" to three pieces of evidence. (Dkt. No. 20). Because the evidence was not available to him until 2010, less than one year before the filing of this petition, he argues that his petition is timely. The Court considers each piece of evidence in turn.

### 1. The Letter From United States Attorney Frierson

The first piece of evidence is a letter explaining that the government did not intend to file a lien on the property of Ms. Williams, a neighbor and business partner, to reduce Contini's restitution. Contini argues that regardless of whether Contini's attorney knew about this letter, Contini did not have knowledge of the "sweetheart deal" when he entered into a plea agreement. This assertion is not supported by the record. In a declaration, Contini stated that prior to his conviction, "[the Williams property] was not one of the assets subject to forfeiture under the terms of the plea agreement." (Dkt. No. 17 at 1). Contini was aware of the fact of the government's decision, and new evidence of that decision is immaterial. *See Johnson*, 544 U.S. at 310, n.8; *Matus-Leyva*, 287 F.3d at 761, n.3.

### 2. The Microsoft Email Database

The second piece of evidence is an email database showing that the practice in which Contini engaged was widespread and that Microsoft was complacent towards such activity. Contini argues that the statute of limitations on claims based on this database should not begin to run until August, 2010, the date on which he was granted access to it. Contini concedes that he "obviously knew about the existence of his own email database," but argues that Judge Tsuchida "wrongfully conflat[es] knowing about the existence of this cache with having access to it." (Dkt. No. 20 at 2.) This is not quite accurate. Judge Tsuchida did not conflate access to the database with anything; he ignored it. And he did so because Supreme Court precedent dictates that a court must. Contini provides no legal support for his proposition that the Court should consider access to evidence of known facts when calculating the statute of limitations.

3. The Settlement with the Feussner Estate

Third, Contini submits a King County Superior Court case summary showing that Microsoft filed a civil lawsuit against Daniel Fuessner, a deceased employee, and the parties settled the matter. Contini argues that stolen software was valued at a much lower rate in this settlement than it was in his case. Contini states that he learned about this secret settlement in 2010. Again, this argument is inadequate. Not only is Contini's recent discovery of this settlement legally irrelevant, but also, a settlement between private parties is not evidence that Contini's restitution amount was inflated. There are many reasons why Microsoft might have pursued a lower amount from Fuessner, and Contini does not account for any of these.

Contini's claims for ineffective assistance of counsel and denial of due process are time-barred.

**B. Restitution**

Even if Contini's claims were not time-barred, the remedy he seeks is not available. Contini is seeking to challenge the amount of his restitution, but § 2255 is not a mechanism to accomplish this. "[B]y its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released" and precludes claims challenging a restitution orders. *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999); *see United States v. Thiele*, 314 F.3d 339, 400 (9th Cir. 2002) (extending *Kramer* to federal prisoners in custody). Contini concedes this point in his objections to the R&R, but now argues that if he had known his restitution would have been calculated in an unfair manner, he would have gone to trial. (Dkt. No. 20 at 3). As discussed above, this assertion is not supported by the facts. Contini knew that Williams was being treated differently. Further, the terms of a civil settlement with Microsoft and Fuessner are not germane to the amount of his restitution calculated with the government. Contini's argument that this old and irrelevant evidence would have affected his decision to go to trial is not credible.

**C. Evidentiary Hearing and Certificate of Appealability**

Contini provides no reason in his objections why an evidentiary hearing should be

conducted and he does not request a certificate of appealability.

**IV.    CONCLUSION**

The Court adopts the Report and Recommendation. (Dkt. No. 19). Petitioner's § 2255 motion is DENIED (Dkt. No. 1) and this case is DISMISSED with prejudice. Petitioner is DENIED issuance of a certificate of appealability. The Clerk shall send a copy of this Order to the parties and to Judge Tsuchida.

DATED this 27th day of April.

John C. Coughenour
UNITED STATES DISTRICT JUDGE